NOT DESIGNATED FOR PUBLICATION

No. 123,310

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL A. KNOPP,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellis District Court; BLAKE A. BITTEL, judge. Opinion filed November 12, 2021.
Affirmed.

*Michael S. Holland II*, of Holland and Holland, of Russell, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., POWELL and CLINE, JJ.

PER CURIAM: Michael A. Knopp challenges the district court's denial of his request for an evidentiary hearing to examine the sufficiency of a search warrant affidavit. We are unable to address Knopp's claim because he failed to include essential items in the record on appeal. Having no way to evaluate the district court's decision, we must affirm.

FACTS

After stopping Knopp for a traffic infraction, the officer noticed indications of alcohol consumption and possible impairment. He conducted two field sobriety tests and provided Knopp with oral and written implied consent advisories for a preliminary breath test (PBT). When the officer asked Knopp if he would take a PBT, Knopp responded that he would not take a PBT without first speaking with his attorney. The officer placed Knopp under arrest for DUI and transported him to the Hays Law Enforcement Center.

The officer then asked Knopp if he would provide a blood sample for testing. Knopp again stated that he would not submit to any testing without the consent of his attorney. The officer obtained a search warrant which allowed Knopp's blood to be drawn and submitted for testing. The testing revealed Knopp's blood alcohol content was above the legal limit, and the State charged Knopp with DUI.

Knopp moved to suppress the blood sample evidence and sought what is known as a "*Franks* hearing." In *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978), the United States Supreme Court set forth criteria for determining whether an evidentiary hearing should be held to examine the sufficiency of information in a search warrant affidavit. Knopp argued a *Franks* hearing was required because the officer included inadmissible horizontal gaze nystagmus (HGN) evidence in the affidavit used to obtain the search warrant. Knopp also argued the officer recklessly failed to include relevant information about the PBT, specifically noting the officer wrote that Knopp had refused the PBT when in fact he had asked to speak to his attorney first.

The State and Knopp agreed to strike the reference to the inadmissible HGN evidence from the search warrant affidavit and asked the district court to decide whether the remaining portion of the affidavit provided probable cause for the issuance of a search warrant. The court heard the matter and orally denied Knopp's motion to suppress and

request for a *Franks* hearing. The appellate record has no transcript of this hearing or the challenged search warrant affidavit. Further, the court's journal entry provides no reasoning for its decisions. It simply states:  "[T]he Court orally denies the request for a *Franks* hearing in this matter and finds probable cause existed as found in the search warrant." The court later found Knopp guilty of DUI based on stipulated facts after an uncontested bench trial.

Knopp claims the district court erred by summarily denying his motion to suppress and request for a *Franks* hearing. He claims the court had to conduct a *Franks* hearing to determine whether, after removing the HGN evidence and the officer's statement about the PBT refusal, the remaining evidence would have been enough to establish probable cause to seek a blood sample.

ANALYSIS

We presume the validity of an affidavit in support of a search warrant, and in most cases, the facts within the affidavit may not be disputed by the party against whom the warrant is directed. See *Franks*, 438 U.S. at 171. Under the exception outlined in *Franks*, however, an evidentiary hearing is required if a defendant shows by a sworn allegation that an affidavit in support of a search warrant is unreliable in that it:  (1) contains statements that are material to the issuance of the search warrant because the statements were necessary to find probable cause and (2) the material statements (a) were a deliberate falsehood, (b) were made in reckless disregard for the truth, or (c) deliberately omitted a material fact. *State v. Adams*, 294 Kan. 171, 179, 273 P.3d 718 (2012).

If a defendant makes a prima facie showing that the affidavit is questionable, then the district court must first excise the challenged portions of the affidavit and consider whether the remaining portions of the affidavit provide sufficient evidence of probable cause. If probable cause can be found without the excised statements, then they are not

3

"material," and no evidentiary hearing is required. If, however, there is not sufficient content in the remaining portion of the affidavit to support a finding of probable cause, the defendant is entitled to an evidentiary hearing to establish the affiant deliberately omitted a material fact, deliberately made a false statement, or made a statement with reckless disregard for the truth. *Adams*, 294 Kan. at 179.

When reviewing a district court's denial of a request for a *Franks* hearing, we apply the same standard of review as the district court in that, like the district court, we must determine whether the undisputed facts establish probable cause for a search warrant. This standard is inherently deferential since the reviewing courts are just as able to evaluate the undisputed content of the affidavit as the court who issued the search warrant. Neither we nor the district court are to determine whether, as a matter of law, probable cause existed. Rather, the question is simply whether the affidavit provided a substantial basis for the issuing court's determination that probable cause existed, i.e., that a fair probability existed that evidence would be found in the place to be searched. *Adams*, 294 Kan. at 180.

Unfortunately, we cannot perform the necessary review because, as the State points out, Knopp has failed to include either the search warrant affidavit or the transcript of the district court's hearing on his motion to suppress and request for a *Franks* hearing in the record on appeal. An appellant has the burden to designate a record sufficient to establish the error claimed on appeal. "Without an adequate record, an appellant's claim of alleged error fails." *State v. Vonachen*, 312 Kan. 451, 460, 476 P.3d 774 (2020).

Affirmed.